## S12Y0015. IN THE MATTER OF DOUGLAS LIDDELL KIRKLAND.

(717 SE2d 477)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that Douglas Liddell Kirkland (State Bar No. 423655) be disbarred following his disbarment in Florida, see *Florida Bar v. Kirkland*, 42 So3d 235 (2010). Kirkland was previously suspended indefinitely following his earlier suspension in Florida. *In the Matter of Kirkland*, 288 Ga. 480 (704 SE2d 806) (2011).

In this matter, the State Bar filed a notice of reciprocal discipline attaching a certified copy of the order of the Supreme Court of Florida, *Fla. Bar v. Kirkland*, supra, as well as the report of the referee upon which the order was based. See Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Kirkland submitted an acknowledgment of service that also stated he did not plan to contest the matter.

The Florida referee found Kirkland guilty of each offense set forth in his "disbarment by consent" petition. In that petition Kirkland admitted that improper withdrawals were made from his attorney trust account, with the largest shortage amounting to approximately $93,000, and that he inappropriately filed trust accounting certificates showing compliance with the rules when his trust account was not in compliance. He states that the problems arose through his improper supervision over individuals who handled his trust account, he has replenished all funds, no client was harmed, and he has cooperated with the Florida Bar.

The Review Panel noted that under Bar Rule 9.4 (b) (3) it shall recommend substantially similar discipline unless it finds clearly from the face of the record that certain elements exist that would give the Review Panel discretion to make another recommendation to this Court. Although the Review Panel noted that Kirkland sought disbarment in Florida for five years and the referee recommended disbarment for five years, the Florida Supreme Court's order of disbarment has no time limitation. The Review Panel thus found that none of the elements were present that would justify a recommendation of discipline other than that imposed by Florida and recommended that Kirkland be disbarred.

We have reviewed the record and agree that disbarment is the appropriate sanction. Accordingly, the name of Douglas Liddell Kirkland hereby is removed from the rolls of persons authorized to practice law in the State of Georgia. Kirkland is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 7, 2011.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.